**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000021
30-SEP-2011
08:32 AM**

NO. CAAP-10-0000021

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WINGED FOOT INVESTMENTS, INC., a Maryland Corporation
Plaintiff-Appellee,
v.
MARVIN JONES, JOHN and MARY DOES 1-20 and DOE PARTNERSHIPS,
CORPORATIONS or OTHER ENTITIES 1-20,
Defendants-Appellants.


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 10-1-0122)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Defendant-Appellant Marvin Jones (Jones) appeals from
the "Rule 54(b) Final Judgment in Favor of Plaintiff Winged Foot
Investments, Inc. and Against Marvin Jones as to Ejectment
Claim," filed on October 14, 2010 in the Circuit Court of the
Third Circuit (Circuit Court).[1]

On April 12, 2010, Plaintiff-Appellant Winged Foot
Investments, Inc. (Winged Foot) filed a Complaint for Ejectment
against Jones. Winged Foot alleged *inter alia* that: on
February 16, 2010, Eastern Savings Bank, FSB (Eastern) conducted
a foreclosure under power of sale of 13-3405 Maile Street, Pahoa,
Hawai'i 96778 (Property); that on February 18, 2010, a

---

[1] The Honorable Glenn S. Hara presided.

Mortgagee's Affidavit of Foreclosure Sale Pursuant to Power of Sale was recorded in the State of Hawai'i, Bureau of Conveyances as Document No. 2010-022498 (which stated that Eastern was the successful bidder for the Property); and that on March 10, 2010, a deed conveying the Property to Winged Foot was recorded as Document No. 2010-032382.

Winged Foot alleged in the Complaint for Ejectment that Jones occupied the Property without permission and had no right, title, or interest to the Property. Winged Foot prayed for a judgment and decree that it owned the Property and for a Writ of Ejectment or a Writ of Possession.

On June 24, 2010, Winged Foot filed a Motion for Partial Summary Judgment. On August 26, 2010, the Circuit Court issued an Order Granting Plaintiff's Motion for Partial Summary Judgment and a separate Writ of Ejectment.

On appeal, Jones claims that the Circuit Court erred by granting Winged Foot's Motion for Partial Summary Judgment because Winged Foot lacks standing to eject Jones, asserting that the underlying non-judicial foreclosure sale from which Winged Foot derives its interest in the Property failed to comply with Hawaii Revised Statutes (HRS) §§ 667-5 to 667-10. Jones argues that the non-judicial foreclosure and sale was void because Eastern failed to make a required downpayment pursuant to HRS § 667-5.7, and instead, made a credit bid. Jones also argues that there are genuine issues of material fact that preclude summary judgment.[2]

We resolve Jones' arguments as follows:

(1) Eastern's non-judicial foreclosure sale was not void because Eastern made a credit bid rather than a downpayment.

_____

[2] The fly-leaf to documents filed in the appellate courts shall have a 3 inch top margin. Hawaii Rules of Appellate Procedure (HRAP), Rule 32(a). Keoni K. Agard and Dexter K. Kaiama, counsel for Defendant-Appellant and Francis P. Hogan and Gary P. Quiming, counsel for Plaintiff-Appellee, are cautioned that failure to comply with HRAP Rule 32(a) in the future may result in sanctions.

The plain language of HRS § 667-5.7 (Supp. 2010) states that "the successful bidder . . . shall not be required to make a downpayment . . . of more than ten percent of the highest successful bid price." HRS § 667-5.7 sets a limitation on the downpayment that can be demanded. This provision does not require the successful bidder to make a downpayment or preclude a mortgagee from making a credit bid. See Fed. Nat'l Mortg. Ass'n v. Siangco, No. CAAP-10-0000110, 2011 WL 3849841 (App. Aug. 31, 2011) (SDO). Therefore, Jones' claim, that Winged Foot lacked standing to seek ejectment of Jones because the non-judicial foreclosure was void, is without merit.

(2) Jones did not raise any valid defense to Winged Foot's Motion for Partial Summary Judgment. Therefore, there is no genuine issue of material fact and Winged Foot was entitled to partial summary judgment on its ejectment claim as a matter of law.

THEREFORE,

IT IS HEREBY ORDERED that the Rule 54(b) Final Judgment in Favor of Plaintiff Winged Foot Investments, Inc. and Against Marvin Jones as to Ejectment Claim filed October 14, 2010 in the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, September 30, 2011.

On the briefs:

Keoni K. Agard
Dexter K. Kaiama
(Agard & Kaiama, LLC)
for Defendant-Appellant

Francis P. Hogan
Gary P. Quiming
(Ashford & Wriston)
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

*Lawrence M. Reifurth*

Associate Judge

*Lisa M. Ginoza*

Associate Judge